**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DWAINE SAMPEY & DELORES SAMPEY** *Plaintiffs,* | § § § | |
| **vs.** | § | **CIVIL ACTION NO. 2:26-cv-00932** |
| **W&T OFFSHORE INC., & CROSBY ENERYGY SERVICES, INC.** *Defendant.* | § § § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, W&T Offshore Inc. (W&T) and Crosby Energy Services Inc. (Crosby) submits this Notice of Removal of the state court action filed by Plaintiffs, Dwaine Sampey and Delores Sampey (Plaintiffs), from the 17th Judicial District Court of Lafourche Parish, Louisiana, to the U.S. District Court for the Eastern District of Louisiana. Removal is predicated upon the Court's original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1356, and 28 U.S.C. § 1441(b).

## I. INTRODUCTION

1. On March 30, 2026, Plaintiffs filed a civil action bearing Case No. C - 154046, entitled *Dwaine Sampey & Delores Sampey v. W&T Offshore, Inc. & Crosby Energy Services, Inc.,* in the 17th Judicial District Court of Lafourche Parish, Louisiana (the State Court Action).[1] In this lawsuit, Plaintiffs, residents of Bienville Parish, Louisiana, assert claims for injuries they allegedly sustained on or about December 7, 2025, while Mr. Sampey was employed by Danos, LLC

[1] Exhibit 1, Plaintiff's Original Petition, filed on March 30, 2026.

(Danos), and working on a fixed platform located at East Cameron Block 338 (the Platform) in Federal waters off the coast of Cameron, Louisiana, Cameron Parish, in the Gulf of America on the Outer Continental Shelf. Plaintiff alleges he was injured due to exposure of crude oil that occurred during a tank leak while on the Platform. Plaintiff further alleges that at the time of December 7, 2025, incident, W&T owned and operated the Platform.

2. Plaintiff filed the State Court Action, naming W&T and Crosby Energy Services, Inc., (Crosby) as Co-Defendants. Plaintiff requested the issuance of citation to the Deputy Clerk of Court for Lafourche Parish on March 30, 2026.[2] W&T was served with the State Court Action on April 8, 2026, through its registered agent for service of process.[3] As well, Crosby was served with the State Court Action on April 2, 2026 , through its registered agent for service of process.[4]

## II. **REMOVAL IS TIMELY**

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)–(c) because it has been filed within thirty (30) days after service on the Defendants and within one (1) year after commencement of this action by Plaintiff.

## III. **VENUE IS PROPER**

4. Venue is proper in the Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Eastern District of Louisiana is the district in which the State Court Action is pending.

## IV. **BASIS FOR REMOVAL**

5. On December 7, 2025, Plaintiff, as Danos' employee, was aboard the Platform to perform mechanical work on the fixed Platform, which was conducting operations involving the

---

[2] Exhibit 2, Citation and Return of Service of Process for W&T.
[3] *id*.
[4] Exhibit 3, Citation and Return of Service of Process – Crosby.

development and production of minerals of the subsoil and seabed of the Outer Continental Shelf.

6. District courts have original federal question jurisdiction of cases brought under OCSLA, and hence such cases can be removed to federal court under 28 U.S.C. § 1441. This is true regardless of whether federal, state, or maritime law provides the substantive rule of decision in the case, and regardless of the citizenship of the parties. In other words, even if maritime law claims brought in state court do not "arise under" a federal statute permitting removal under § 1441, they can be removed if they arise under OCSLA.

7. This Court has jurisdiction over this matter pursuant to OCSLA, which applies federal law to the Outer Continental Shelf and to structures attached to the seabed, whether permanent or temporary:

> The Constitution and laws and civil and political jurisdiction of the United States are extended, to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State, to (i) the subsoil and seabed of the outer Continental Shelf; (ii) all artificial islands on the outer Continental Shelf; (iii) installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources . . . or (iv) any such installation or other device (other than a ship or a vessel) for the purpose of transporting or transmitting such resources.

43 U.S.C. § 1333(a)(1). OCSLA applies to an action if the facts alleged in the complaint fall within the scope of the statutory jurisdiction, even if the plaintiff does not specifically assert any claim under OCSLA in his complaint.[5]

8. Pursuant to 43 U.S.C. § 1349(b)(1), this Court has subject matter jurisdiction over cases arising out of, or in connection with, activities occurring on the Outer Continental Shelf. Here, the activities giving rise to Plaintiff's alleged cause of action would not have occurred but for the

---

[5] *Tenn. Gas Pipeline v. Hous. Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996); *Moore v. BIS Salamis, Inc.*, 748 F. Supp. 2d 598 (E.D. Tex. 2010).

operations at the Platform on the Outer Continental Shelf.[6]

9. Accordingly, this Court has removal jurisdiction over this civil action under 28 U.S.C. § 1441(a) and § (c)(1)(A) because it would have had original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 under and by virtue of federal statutes, Acts of Congress, and/or the laws of the United States, including the OCSLA.

## V. VENUE IS PROPER

11. Venue of this removed civil action is also proper in this Court pursuant to 28 U.S.C. § § 1441(a) and 1446(a) because Lafourche Parish, from which the pending State Court Action has been removed, belongs to and/or forms part of this District.

## VI. OTHER MATTERS

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibits 1–7. Further requirements of Local Rule 81, including the docket sheet, an index of matters being filed, and a list of all counsel of record are attached hereto as Exhibits 8–9.

18. Pursuant to 28 U.S.C. 1446(d), W&T will promptly file a Notice of Filing Removal with a copy of this Notice of Removal in the State Court Action, and all counsel of record will be provided with complete copies of same.

19. By virtue of this Notice of Removal, W&T and Crosby: (i) do not waive any defenses or objections they may have to this action; (ii) do not intend any admission of liability by this Notice of Removal and expressly reserve all defenses, motions, and/or pleas; and (iii) reserve the right to supplement and/or amend this Notice of Removal.

20. In accordance with the requirements of 28 U.S.C. 1446(a) and Rule 11 of the Federal

---

[6] *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *see also Tenn. Gas Pipeline v. Hous. Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

Rules of Civil Procedure, undersigned counsel for W&T and Crosby state that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act, 43 U.S.C. § § 1331–1356.

W&T Offshore Inc. and Crosby Energy Services, Inc., pray this Notice of Removal be deemed good and sufficient as required by law, that the State Court Action be removed to the United States District Court, Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which W&T Offshore Inc. and Crosby Energy Services, Inc., may be entitled, and that all further proceedings in the state court be discontinued.

**(Signatures on following page)**

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA & BENMAIR PLLC**

/s/ Jonathan A. Tweedy
Jonathan A. Tweedy (#31997)
Melissa A. Miller (#37805)
Cameron W. Haddad (#40804)
365 Canal Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 561-0323
Facsimile: (504) 528-9442
jtweedy@sbsblaw.com
mmiller@sbsblaw.com
chaddad@sbsblaw.com
**ATTORNEYS FOR DEFENDANT, W&T OFFSHORE INC.**

**JOHNSON, YACOUBIAN, & PAYSSE**

/s/ Christopher L. Williams
Edward S. Johnson (#7289)
Christopher L. Williams (#36086)
Susannah S. Pedalino (#30062)
701 Poydras Street, Suite 4700
New Orleans, Louisiana 10139
esj@jyplawfirm.com
**ATTORNEYS FOR DEFENDANT, CROSBY ENERGY SERVICES INC.**

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2026, a true copy of the foregoing document was served upon all counsel of record via the Court's Case Management/Electronic Case Files (CM/ECF) system.

/s/ Cameron W. Haddad
CAMERON W. HADDAD